NOT RECOMMENDED FOR PUBLICATION

No. 19-6067

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 16, 2020
DEBORAH S. HUNT, Clerk

DEAN BALDING BAXTER,

    Plaintiff-Appellant,

v.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

O R D E R

Before: CLAY, ROGERS, and MURPHY, Circuit Judges.

Dean Balding Baxter, a Tennessee resident proceeding through counsel, appeals a district court's judgment dismissing his civil action brought pursuant to the court's diversity jurisdiction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Baxter filed a complaint against Select Portfolio Servicing, Inc. [1] ("SPS") in the Chancery Court of Shelby County, Tennessee, asserting that SPS's failure to return a surplus from a foreclosure sale constituted a breach of contract, a breach of the duty of good faith and fair dealing, and unjust enrichment. After removing the action to federal court, SPS filed a motion to dismiss the complaint for lack of venue and failure to state a claim. SPS, a successor to prior servicers of the mortgage, alleged that the subject property was not in Shelby County, but Williamson County,

---

[1] We note that the defendant refers to itself both as "Select Portfolio Services, Inc." and "Select Portfolio Servicing, Inc." in its pleadings.

and further asserted that, in an effort to prevent foreclosure, Baxter had filed for bankruptcy in 2009 and 2013 and had filed a complaint in Williamson County in 2011. Baxter did not file a response.

Upon consideration, the district court concluded that venue was proper under federal law, but it dismissed the action for failure to state a claim because, as SPS had argued, all of the claims were conclusory. *See* Fed. R. Civ. P. 12(b)(6). With respect to the breach-of-contract claim, the court observed that Baxter had not attached the deed of trust or described any contract provision that SPS allegedly had breached. *See Brooks v. Wells Fargo Bank, N.A.*, No. 3:12-0821, 2014 WL 345737, at *2-3 (M.D. Tenn. Jan. 30, 2014); *see also Alsup v. Alsup*, No. W2016-00925-COA-R3-CV, 2017 WL 2261758, at *3 (Tenn. Ct. App. May 23, 2017) (citing Tenn. R. Civ. P. 10.03). The claim asserting a breach of the duty of good faith and fair dealing was derivative of the breach-of-contract claim and thus was also conclusory. *See Cadence Bank, N.A. v. The Alpha Tr.*, 473 S.W.3d 756, 773 (Tenn. Ct. App. 2015). Last, the court concluded that the unjust enrichment claim was conclusory because Baxter had not sufficiently alleged that he had conferred an unjust benefit on SPS. *See Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524-25 (Tenn. 2005). Specifically, Baxter had not provided any information on the amount of the loan, payments made, why SPS should turn over any surplus, or how he calculated the alleged surplus.

In a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(a)(2) and (e), Baxter argued that his complaint was adequate because it stated the names of the parties; a partial mortgage account number; the property address; the occurrence of a foreclosure; the foreclosure date; the foreclosure sale price; the amount due as alleged by SPS; the lesser amount purportedly due as shown by "papers and invoices"; and the alleged surplus. SPS filed a response, and Baxter filed a reply with a copy of the deed of trust. The district court denied the Rule 59 motion, reasoning that Baxter did not identify a clear error of law or offer newly discovered evidence.

On appeal, Baxter argues that his complaint was not conclusory, but contained the allegations described in the Rule 59 motion. SPS contends that Baxter waived his right to appeal by failing to respond to its motion to dismiss. SPS also moves for costs pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927.

We review de novo a district court's judgment dismissing a complaint pursuant to Rule 12(b)(6). *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). We conclude that Baxter has waived his arguments on appeal because he did not raise them in the district court in a response to SPS's motion to dismiss. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (citing *Hood v. Tenn. Student Assistance Corp.*, 319 F.3d 755, 760 (6th Cir. 2003)). Furthermore, his subsequent attempt to raise his arguments in a Rule 59(e) motion did not properly preserve them for appeal because he could have raised them earlier in a response to the motion to dismiss. *See Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007); *see also Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 471 (6th Cir. 2012). Baxter does not give any excuse for his failure to respond to the motion to dismiss, but merely apologizes on appeal. Consequently, he has not demonstrated exceptional circumstances that merit review of his arguments. *See Hood*, 319 F.3d at 760. In any event, the complaint failed to state a claim for the reasons stated by the district court.

SPS argues that an award of costs is appropriate under 28 U.S.C. § 1927 because Baxter's complaint consisted of conclusory claims; he did not respond to SPS's motion to dismiss; he filed an unsupported Rule 59 motion that he should have known was frivolous; and his brief on appeal does not address the district court's orders. SPS seeks costs and sanctions under Rule 38 on the additional grounds that: Baxter filed an appeal even though precedent established that he had waived his appeal by not responding to the motion to dismiss; his appeal only reiterates the arguments in his Rule 59 motion; and he did not seek leave to amend his complaint before filing his appeal. In his response to SPS's motion for costs, Baxter contends that his appeal is not frivolous and that there has been no vexatious conduct.

Case: 19-6067   Document: 21-2   Filed: 06/16/2020   Page: 4

No. 19-6067
- 4 -

Section 1927 and Rule 38 "provide overlapping standards." *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016). Section 1927 provides that attorneys may be required to personally satisfy the sanctions amount if their conduct "so multiplies the proceedings in any case unreasonably and vexatiously." Sanctions under § 1927 are appropriate when "an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *Ruben v. Warren City Schs.*, 825 F.2d 977, 984 (6th Cir. 1987)). Although a finding of bad faith is not required, the moving party must show "something more than negligence or incompetence." *Id.* "Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.*

Rule 38 states that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Sanctions under Rule 38 are appropriate if the appeal is "wholly without merit" and appellant's "arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999). Although a finding of bad faith is not required to award sanctions under Rule 38, we will usually impose sanctions "only where there was some improper purpose, such as harassment or delay, behind the appeal." *B & H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008) (quoting *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1212 (6th Cir. 1997)).

An award of costs and sanctions is not warranted. SPS has not shown that Baxter's counsel's conduct was an abuse of the judicial process, *see Red Carpet Studios*, 465 F.3d at 646, or that the appeal was taken for "some improper purpose," *B&H Med.*, 526 F.3d at 270 (citation omitted). While Baxter's arguments on appeal may not have been meritorious or even well-developed, we cannot say they are sanctionable under Rule 38 or § 1927.

No. 19-6067
- 5 -

Accordingly, we **DENY** SPS's motion for costs and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk